Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4818 | **DATE** | JAN 1 4 2003 |
| **CASE TITLE** | | *Blank v. IDOT* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to dismiss filed by IDOT and Brown [10-1] is granted in part and denied in part. Specifically, the claims against IDOT are dismissed, and the plaintiffs' request for backpay against Brown is stricken. The plaintiffs may proceed with their claims for prospective injunctive relief as to Brown. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN BLANK and JOHN SCHWARZ, )<br>    Plaintiffs,                                    )<br>                                                          )<br>    v.                                                   )        02 C 4818<br>                                                          )<br>ILLINOIS DEPARTMENT OF              )<br>TRANSPORTATION, SECRETARY OF )<br>THE ILLINOIS DEPARTMENT OF     )<br>TRANSPORTATION, KIRK BROWN, in )<br>his official capacity, and KENNETH      )<br>JONAK, GIOVANNI FULGENZI, and  )<br>ROY FONDA, in their individual capacities, )<br>    Defendants.                                   ) | |

## MEMORANDUM AND ORDER

Plaintiffs John Schwarz ("Schwarz") and Helen Blank ("Blank") are former employees of defendant Illinois Department of Transportation ("IDOT"). Schwarz and Blank claim that IDOT employees improperly disciplined them and forced them to retire, and Blank asserts that IDOT employees retaliated against her for engaging in constitutionally protected speech. IDOT and the Secretary of the Illinois Department of Transportation, Rick Brown ("Brown"), seek to dismiss their complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that the Eleventh Amendment bars the claims against IDOT and Brown in his official capacity. For the reasons that follow, the motion to dismiss is granted in part and denied in part. Specifically, the claims against IDOT are dismissed, and the plaintiffs' request for backpay against Brown is stricken, but the plaintiffs may proceed with their claims for prospective injunctive relief as to Brown.

## Background

The following facts are drawn from the allegations in Blank and Schwarz's complaint. Until the Summer of 2001, IDOT employed Schwarz as a civil engineer and Blank worked for IDOT in the Department of Traffic. Defendant IDOT is a department of the State of Illinois; defendant Brown is the Secretary of the IDOT; defendant Kenneth Jonak ("Jonak") at all times material hereto was employed by IDOT as the Bureau of Chief of Traffic; defendant Giovanni Fulgenzi ("Fulgenzi") at all times material hereto was employed by IDOT as Personnel Services Manager; defendant Roy Fonda ("Fonda") at all times material hereto was employed by IDOT as Engineer of Operations. The plaintiffs sued Brown in his official capacity and Jonak, Fulgenzi and Fonda in their individual capacities.

On or about June 11, 2001, Fonda called Schwarz into his office and gave Schwarz a copy of IDOT's charges against him for willfully allowing misuse of work time and falsification of Blank's timekeeping records. Schwarz was not informed that this was a pre-termination meeting, nor was he informed that he was entitled to representation. Schwarz requested an extension of time to respond to the charges. Nevertheless, shortly after the original deadline for a response, he received a notice of suspension for thirty days without pay pending a decision to discharge.

Schwarz claims that the defendants violated IDOT policies and procedures by bringing false charges against him. He also asserts that the defendants failed to conduct an investigation, use progressive discipline, give him proper notice, allow him to receive legal representation, or provide him with a list of witnesses or copies of any pertinent documents. Finally, he claims that an unbiased, neutral decision maker did not decide whether to bring charges against him.

The fallout from the alleged Schwarz/Blank misconduct was not limited to Schwartz. On or about June 21, 2001, Blank was charged with falsification of timekeeping records and conduct unbecoming a state employee. On or about June 24, 2001, the defendants suspended Blank for thirty days without pay pending decision to discharge for conduct unbecoming a state employee and dropped the charge of falsification of timekeeping records. Blank is a union employee and is covered by the Agreement between the American Federation of State, County and Municipal Employees ("AFSCME") and the State of Illinois Department of Central Management Services. Blank contends that the disciplinary action against her violated IDOT's policies and procedures as well as the AFSCME agreement, which requires that disciplinary action against an employee be founded on just cause.

The plaintiffs claim that Jonak initiated the proceedings against them due to personal animosity. They also claim that IDOT investigators did not begin looking into Blank's time records until two weeks after Schwarz was suspended and four days after Blank was charged. According to the plaintiffs, they were treated less favorably than other similarly situated employees because: (1) other IDOT employees who were being investigated for abuse of time records were given notice of their pre-termination meetings and were told they were entitled to representation; and (2) similarly situated IDOT employees charged with conduct unbecoming a state employee were not suspended for thirty days without pay pending a decision to discharge.

Schwarz was forced to retire in disgrace on June 30, 2001, making him ineligible for the consultant's list following retirement. Blank was forced to retire under protest in order to preserve her State paid medical benefits. The plaintiffs subsequently filed a five-count complaint. Schwarz and Blank assert that the defendants subjected them to unequal and

discriminatory treatment and thus violated the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 (Count I/Blank & Count IV/Schwarz) and deprived them of their right to due process of law prior to a deprivation of a property and/or liberty right pursuant to the United States Constitution and 42 U.S.C. §1983 (Count II/Blank & Count V/Schwarz). In addition, Blank claims that the defendants violated her right to engage in free speech under the First Amendment to the United States Constitution, as applicable to the states by the Fourteenth Amendment, and 42 U.S.C. §1983 (Count III).

## Standard of Review

IDOT and Brown contend that the Eleventh Amendment prevents the court from exercising jurisdiction over IDOT and bars a suit for damages against Brown in his official capacity. Because IDOT and Brown have raised an Eleventh Amendment defense, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from these allegations in the plaintiffs' favor. *See, e.g., Taboas v. Mlynczak*, 149 F.3d 576, 580 (7th Cir. 1998). Regardless of whether the court considers the defendants' motion under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), dismissal is properly granted only if it is clear that no set of facts which the plaintiffs could prove consistent with the pleadings would entitle them to relief. *See Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964 (7th Cir. 1998) (per curiam) (motion to dismiss under 12(b)(1) for lack of jurisdiction); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991) (motion to dismiss under 12(b)(6) for failure to state a claim).

## IDOT

According to IDOT, the Eleventh Amendment immunizes unconsenting states from suits in federal court and thus bars the plaintiffs' claims against it. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The court agrees that it is well-established that the Eleventh Amendment prevents state governments from being sued in federal court under § 1983. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979).

The plaintiffs nevertheless contend that the court can exercise jurisdiction over IDOT. In support, they direct the court's attention to *Cortez v. Calumet Public School District #132*, No. 01 C 8201, 2002 WL 31177378 (N.D. Ill. Sept. 30, 2002), and *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1036 (7th Cir. 1987). The court finds that the plaintiff's reliance on these cases is misplaced because in both of these cases, the plaintiffs sought relief under the Equal Educational Opportunities Act. *Cortez*, 2002 WL 31177378 at *2; *Gomez*, 811 F.2d at 1037-38.

This is important, because the Equal Education Opportunities Act "expressly contemplates that relief is to be obtained from the state and its agencies" and thus is not affected by the Eleventh Amendment. *Gomez*, 811 F.2d at 1038. In contrast, § 1983 only allows suits against state officers individually, as opposed to the state itself. *Id.* Because the plaintiffs here seek relief under § 1983, cases invoking the Equal Education Opportunities Act are inapposite and do not allow them to sue IDOT. Accordingly, the claims against IDOT are dismissed with prejudice.

## Brown

Brown contends that the Eleventh Amendment bars suit against a state official in his official capacity. A suit against a State official in his official capacity is synonymous with a suit against the State itself. *Kentucky v. Graham*, 473 U.S. 159, 165- 66 (1985); *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991). When determining whether the Eleventh Amendment acts as a bar, the court must consider the nature of the relief requested as the Eleventh Amendment bars suits against state employees acting in their official capacities which seek retrospective relief from the State (*i.e.*, money damages payable from the State treasury, as opposed to the state employee's own pocket). *See, e.g., Edelman v. Jordan*, 415 U.S. at 663; *Benning v. Board of Regents*, 928 F.2d 775, 777 (7th Cir.1990). In contrast, the Eleventh Amendment does not bar suits seeking prospective injunctive relief. *See, e.g., Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

The plaintiffs contend that their claims against Brown are not barred because they seek prospective injunctive relief. Specifically, they seek to enjoin Brown from engaging in the complained-of disciplinary practices. They also want Brown to reinstate Blank, give them copies of all documents relating to the charges against them, and expunge the disciplinary action from their files. Finally, they seek back wages and benefits, plus attorneys' fees.

To the extent that the plaintiffs are "seek[ing] prospective injunctive relief to cure an ongoing violation of federal law, the Eleventh Amendment poses no bar." *Ameritech Corp. v. McCann*, 297 F.3d 582, 588 (7th Cir. 2002). Blank can also seek reinstatement, as an injunction ordering reinstatement is prospective and thus falls outside the prohibitions of the Eleventh Amendment. *Kashani v. Purdue University*, 813 F.2d 843, 847 (7th Cir. 1987). However, the

request for backpay seeks to impose a liability which must be paid from public funds and thus is barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. at 663.

With respect to the request for attorneys' fees, it is possible for a successful civil rights plaintiff to receive a fee award if the award is ancillary to the prospective relief already ordered by the court. *See Hutto v. Finney*, 437 U.S. 678 (1978); *Quern v. Jordan*, 440 U.S. 332 (1979). If the plaintiffs prevail and a fee award is ancillary to any prospective injunctive relief they obtain, the may be able to pursue their request for fees. Thus, the court declines to strike the fee request at this point in the proceedings.

## Conclusion

For the foregoing reasons, the motion to dismiss filed by IDOT and Brown [10-1] is granted in part and denied in part. Specifically, the claims against IDOT are dismissed, and the plaintiffs' request for backpay against Brown is stricken. The plaintiffs may proceed with their claims for prospective injunctive relief as to Brown.

DATE:

Blanche M. Manning
United States District Judge